## UNITED STATES v. SEARLE.

### No. 9915.

United States Court of Appeals
Seventh Circuit.

Feb. 23, 1950.

John J. Kelly, Jr., Chicago, Ill., Sam M. Arndt, Rock Island, Ill., of counsel, for appellant.

Otto Kerner, Jr., U. S. Atty., Lawrence J. Miller, Joseph E. Tobin, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

In an indictment containing four counts defendant was charged with willfully and knowingly attempting to defeat and evade a large part of his income taxes for the years 1942 to 1945 inclusive, by filing false and fraudulent income tax returns. When arraigned, upon advice of his attorney, defendant entered a plea of guilty. The court denied a motion for probation and sentenced defendant to imprisonment for 18 months. A stay of execution for 30 days was granted. Thereafter another attorney appeared for the defendant and obtained an additional stay. Prior to the expiration of the second stay, defendant, through his new attorney, moved to withdraw his plea of guilty. After a hearing, the court ordered that the motion to withdraw the plea of guilty be overruled and denied, from which order defendant brings this appeal.

Defendant had a high school education and has operated his business as an automobile dealer for about 20 years. The Internal Revenue Department commenced an investigation of his books and records in July, 1946. Shortly thereafter defendant retained as his attorney a cousin who had some 35 years of experience as a practicing lawyer and who for some years past has been a member of the Illinois State Legislature. From August, 1946, to March 10, 1949, defendant consulted his attorney about 18 times on matters pertaining to the income tax investigation.

The indictment was returned on March 10, 1949, and charged defendant with a total tax evasion of $15,134.92. The following day, after consultation with his attorney, defendant surrendered to the United States Marshal, posted bond, and received a copy of the indictment. Defendant read or had read to him the contents of the indictment and knew what the charges were. Defendant then turned the indictment over to his attorney, who made a study of it.

Defendant's first attorney testified on the hearing "that because of the facts, the type of the case, that it wasn't a case to be tried by trial by a jury but should be submitted to the court and a plea of guilty entered and a motion for probation made, and let the court determine," and that after discussing the matter the defendant authorized him to make arrangements so that a plea of guilty could be entered. Defendant testified that his attorney advised him to plead guilty and that if he did so the penalty would probably not be as much as if he stood a jury trial, and that though there was a possibility that he might go to jail the odds were against it. He stated that at one time the attorney told him that in his opinion the odds were one thousand to one against his being sent to prison. Prior to the date of the arraignment the defendant, through his attorney, had paid the government $22,500 in settlement of income taxes, interest and penalties.

Defendant claims that he did not know the extent of the penalty that the court might impose upon him, and therefore the trial court was in error in accepting the plea of guilty without the defendant understanding the nature of the charge. Defendant relies on Rule 11, Federal Rules of Criminal Procedure, 18 U.S.C.A., which, as far as here pertinent, provides: "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. * * *"

A transcript of the proceedings on the arraignment however reveals that defendant did have information between the time of his plea and being sentenced as to the

maximum penalty permissible, as hereinafter set forth:

"By Mr. Tobin (the Assistant United States Attorney): You are charged with the violation of Section 145(b), Title 26, of the United States Code [26 U.S.C.A. § 145(b)], that is, attempting to defeat and evade the payment of income and victory taxes due and owing by you to the United States of America. How do you plead, guilty or not guilty?

"By the defendant: Guilty.

"By the Court: Have you had the advice of counsel?

"By the defendant: Yes."

At that point Mr. J. Clinton Searle announced himself as counsel for the defendant. After some discussion in the presence of the defendant and his counsel as to the amount of the taxes evaded, Attorney Searle made the motion for probation. After stating in some detail his reasons why he thought the defendant should be placed on probation, the court asked, "What is the penalty provided by statute?" The Assistant United States Attorney answered, "The penalty is a fine of not more than $10,000 or five years or both for each count." Defendant was thereupon sentenced and the motion for probation denied.

Sec. 32(d) of the Federal Rules of Criminal Procedure provides: "A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." It is apparent that no showing was made that the judgment of conviction should be set aside and the defendant permitted to withdraw his plea of guilty in order to correct a manifest injustice.

Defendant was well aware that an investigation as to the accuracy of his income tax returns had been going on for more than two years. He repeatedly consulted on that subject with his cousin, who was an attorney of experience. He knew that his federal income tax returns did not reflect his true income, and he must have

known that the offense of cheating on federal income taxes is not a trivial one. True, he had finally paid the sum which was owing by him to the government, plus interest and penalties, but there is no showing whatsoever that defendant believed that the criminal liability had been compromised or settled.

The defendant was an experienced businessman. Presumably he read the daily newspapers which, especially since the day when Al Capone was sentenced for income tax evasion, have given prominence to news stories involving sentences imposed by various federal courts upon violators of the federal income tax laws. Whether or not defendant knew the maximum sentence that could be imposed upon him is not of importance. Defendant sought by his plea to obtain a lighter sentence than if he stood trial. Undoubtedly he hoped for probation. There is no question but that the plea of guilty was voluntarily made by the defendant, and under the circumstances we hold that defendant had an understanding of the nature of the charge.

In Stidham v. United States, 8 Cir., 170 F.2d 294, the court held that upon a review of a denial of a motion to withdraw a plea of guilty, the only question for the determination by the appellate court is whether the district court abused its discretion. The court said, 170 F.2d at page 298: " * * * A defendant's contention that he did not know that he would be subjected to a severe sentence when he entered his plea of 'guilty' is not sufficient grounds for reversing the trial court's refusal to permit withdrawal of the plea. United States v. Colonna, 3 Cir., 142 F.2d 210."

The granting or denial of leave to withdraw a plea of guilty is a matter of discretion of the trial court, and is not a matter of right. United States v. Mignogna, 2 Cir., 157 F.2d 839; Stidham v. United States, supra. In the case at bar we find no abuse of discretion. Therefore we must and do affirm the order of the district court denying the motion of defendant to withdraw his plea of guilty.

Affirmed.