**UNITED STATES v. SHEPHERD.**

Cr. A. No. 5997.

United States District Court
D. New Hampshire.

Sept. 26, 1952.

John J. Sheehan, U. S. Atty., Concord, N. H. and Denis F. O'Connor, Asst. U. S. Atty., Manchester, N. H., for plaintiff.

Abraham Kauffman, Concord, N. H., for respondent.

CONNOR, District Judge.

Invoking the provisions of Section 2255 of Title 28 United States Code, the respondent moved "to vacate and set aside an illegal judgment and sentence."

Shepherd, on October 10, 1944, was indicted in this district on two counts, charging that he did falsely pretend to be an officer acting under the authority of the United States, to wit, a Lieutenant in the United States Navy, and in such pretended character did obtain, from certain persons, certain sums of money, in violation of Section 76 of Title 18 of United States Code, 1940 ed.[1] Thereafter, on October 17, he was arraigned and pleaded not guilty. Acting on his request for the assistance of counsel, the court, Morris J. presiding, assigned Arthur J. Bergeron, Esq., a member of this bar, to represent him. A jury was impaneled, but before the introduction of evidence, he withdrew his plea of not guilty and entered a plea of guilty, and thereupon was sentenced to be confined for a period of three years on each of the two counts of the indictment, said sentences to run concurrently.

In view of the interval between conviction and the present pleading, it seems appropriate to recount the attendant circumstances.

---

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 912.

After committal, the respondent, under a writ of habeas corpus ad prosequendum, was removed to the United States District Court at Grand Island, Nebraska, and was there, on April 10, 1945, sentenced to a term of eighteen months, to run consecutively with the sentence which had been imposed by this court. This conviction was for an offense similar to that for which sentence was here imposed. Late in 1947, he was released on parole, and on October 27, 1948, the parole board issued a conditional release violator warrant against him, charging violation of the terms of his release under the above commitments. On March 17, 1949, the respondent was brought before the United States Court for the District of Kansas, at Hutchinson, and there received a four-year term upon conviction for a like offense. While serving this sentence, the conditional release violator warrant was placed against him as a detainer, and on May 26, 1952, when he was conditionally released, he then came within the custody of the parole board's warrant.

The present motion was filed shortly thereafter. Neither the motion nor the files and records in the case conclusively showed that the respondent was entitled to no relief, and the court accordingly caused notice of the motion to be served upon the United States Attorney. Being unable to ascertain from the pleadings the true status of the movant's confinement, further action by the court could not be taken until the necessary information was provided by the United States Board of Parole, following which a writ of habeas corpus ad testificandum was allowed, and a date of hearing assigned.

At the hearing respondent was present, and had the benefit of counsel of his own choosing. The movant's claim for relief was then predicated upon the contention that his plea of guilty was made under a misapprehension of the nature of the charge, in that he acted without a full understanding of its effect and of the facts on which it was founded; that through promises and threats, an involuntary and coerced plea of guilty resulted; and "that there is absent from the transcript of

record a showing of an understanding admission of the offense on his part or that his plea was intelligently made;" and that the court "did not first determine that the plea was intelligently and voluntarily made or, advise the defendant of his rights before imposition of sentence." He testified that he did not understand the nature of the charge brought against him, that the Assistant United States Attorney who prosecuted the case had in effect promised him that he would receive a sentence less than what he did receive, that he had received a threat from the local chief of police that a pending charge of bigamy would be prosecuted against him if acquitted on the federal charge, that the court did not determine that his plea was intelligently and voluntarily made, and that if the court had asked him as to his plea, "the circumstances would have been different."

Evidence was offered by the Government that Mr. Bergeron had conferred with the respondent, and had explained to him the indictment, and had examined him as to his defenses in the matter; and that after such conference, he advised him to plead guilty. Mr. Bergeron also testified that in his opinion Shepherd had been fully informed by him and appeared to understand the nature of the prosecution that was lodged against him; that there was no indication given that Shepherd did not understand the charge, nor did he exhibit any apprehension or fear which might be chargeable to some coercion, as alleged in the motion. It was also disclosed that Mr. Bergeron was unaware that any promise or coercion had been extended or exerted toward the respondent. Mr. Van H. Gardner, chief of police of the town of Littleton at the time of respondent's arrest under a state process for bigamy, denied that he had at any time threatened him. Shepherd also stated on inquiry by the court as to the conviction in Grand Island, Nebraska, that he had there been arrested in 1943, had jumped his bail, and sailed to England as a merchant seaman.

His contentions and the evidence bearing upon such may be considered in the order presented. I am unable to conclude there-

from that he was uninformed and that he misunderstood the nature of the charge which was brought against him. He was provided with the services of a competent member of the bar. If there was any hesitancy by Shepherd to plead as he did, he was privileged to have the cause tried to jury. He can hardly contend that the institution of such prosecution was novel or surprising to him, for he had already been so charged in Nebraska, as above noted. That he had been threatened is certainly not proven, nor is the court persuaded that any promise had been made by the attorney for the Government.

It is urged that the record is barren of any showing of an understanding admission of the offense on his part or that his plea was intelligently made. Similarly it is suggested that the court did not first determine that the plea was intelligently and voluntarily made, or that the defendant was advised of his rights before imposition of sentence. This apparently has reference to Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C. But a short answer to this contention is that there was clearly no obligation on the part of the court to make the inquiry indicated by the rule when the petitioner was represented by counsel. As to the remainder of his contention that the record is silent or vague as to the proceedings, it must be pointed out that at the time of this proceeding there was no provision, as now, for the taking of a stenographic record thereof, and the record consists only of the file, the docket entries, and the few penciled notes in the clerk's journal.

An additional claim, not set forth in the motion but which was disclosed in testimony, is that he was not given a copy of the indictment before he was called upon to plead, as required by Rule 10 of the Federal Rules of Criminal Procedure. There is no merit in this proposal, for a showing of a copy of the indictment to his counsel, as was done here, was substantial and effective compliance with the rule.

It is incumbent upon the movant that he sustain his burden of proof that a denial was made of some constitutional right as he alleges, if he is to have relief under Section 2255.

Upon a consideration of all the evidence, I find as a fact and rule as a matter of law that such burden has not been sustained, and that the motion should be and it hereby is denied.