**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Billie Frield SWAGGERTY,**
**Defendant-Appellant.**

**No. 11253.**

United States Court of Appeals, Seventh Circuit.

Jan. 14, 1955.

Marvin P. Shore, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The defendant, Billie Frield Swaggerty, with others was indicted, No. 53–CR–6, for the theft and possession of an interstate shipment of bottled whiskey in violation of 18 U.S.C.A. § 659. The whiskey in question was being transported in a truck from Lawrenceburg, Indiana, to a city in Illinois. This indictment also charged the defendant and one other with the transportation in interstate commerce of a truck in which the whiskey was being transported, knowing the truck to have been stolen, all in violation of 18 U.S.C.A. § 2312. To this indictment the defendant appeared in person and by counsel, waived the reading of the indictment and entered a plea of not guilty.

A second indictment, No. 53–CR–440, filed several months later, alleged that the defendant, in violation of 18 U.S. C.A. § 1201, had transported in interstate commerce the driver of the truck who had been kidnapped when the truck was hijacked while it was en route from Indiana to Illinois.

On the day set for trial on these two indictments an attorney, Mr. Gannon, then appearing for the defendant, informed the court that the defendant desired to withdraw his pleas of not guilty and enter a plea of guilty to each of the indictments. The defendant personally told the court that what his attorney said was true. The court then informed the parties that the case would be continued for three days for the matter of sentence.

Prior to the announcement of the sentence the court received a letter from the defendant which stated: "I appeared before you on the 30th of November on two charges and pleaded guilty on both counts. My reason for doing so was after a hasty conversation with my court-appointed attorney, Mr. Gannon, who advised me to plead guilty, although I protested my innocence to him at all times. Now, after much serious thought, I realize I can't plead guilty for a crime that I am innocent of and I wish to bring this to your attention so I can withdraw my plea of guilty and bring in a plea of not guilty."

Mr. Gannon, the attorney who represented the defendant in the course of the argument on the question of whether or not the court should permit the defendant to withdraw the plea of guilty, urged the court to permit the defendant to do so, but he made various statements which clearly indicated that the plea of guilty had been entered with the consent of the defendant after the defendant had been fully advised of the charges against him and of the possible consequences of pleading guilty.

When the guilty pleas were entered on November 30, 1953, Mr. Gannon in the presence of the defendant stated to the court that the defendant desired to change his plea to guilty as to both counts of the first indictment, No. 53–CR–6, and also as to the one count of

indictment No. 53–CR–440, which charged that the defendant "did kidnap one Charles Knight." Mr. Gannon explained: "This was a situation where, in the first indictment, the defendant was charged with hijacking and possession, and in the second indictment it is the same occurrence except that they have taken part of the occurrence and made a technical charge of kidnapping against him. As to both indictments, Mr. Swaggerty desires to plead guilty."

The defendant Swaggerty was then present in court and the following dialogue took place between him and the court.

"The Court: You are the defendant Swaggerty?

"Defendant Swaggerty: Yes, I am

"The Court: What your counsel states— .

"Defendant Swaggerty: Is true.

"The Court: You desire to enter a plea of guilty to the indictment in case No. 53–CR–6, and you also desire to enter a plea of guilty to the indictment in case No 53–CR–440, is that correct?

"Defendant Swaggerty: Yes, sir.

"The Court: The record may indicate that the defendant Swaggerty, in his own proper person and by his counsel, enters a plea of guilty to the indictment in case 53–CR–6 and also case No. 53–CR–440."

At the December 3, 1953, hearing, held for the purpose of sentencing the defendant, after the defendant's letter asking leave to change his plea to not guilty had been read, Mr. Gannon, his attorney, said: " * * * when I left the marshal's lockup with the prisoner [the defendant] I was convinced and I sit before you convinced that when he stepped up and said, 'I wish to enter a plea of guilty' that was his desire at that moment. What his desires have been since that moment are a different matter." Later in the hearing Mr. Gannon explained that he and the defendant had had much discussion as to how they

should proceed " * * * but at the moment I made that request for leave to withdraw [the defendant's plea of not guilty] I had his approval." Later in his argument Mr. Gannon said: "I will say again, however, that at the moment I made the plea of guilty I believed that I had his acceptance even though it was a grudging one." And still later in the hearing Gannon said: " * * * he also gave me permission to change the plea to guilty because I convinced him that the state of the case was such that for him to walk away with the least amount of time that was the proper course, that the case could be proven against him * * *." Finally, on this subject Mr. Gannon said: " * * * when I changed that plea I believed that I had his unqualified approval."

In answer to interrogatories from the court Mr. Gannon also stated that before the guilty pleas were entered he had advised the defendant "as to the various potentialities and possibilities of a trial by jury, or on a plea what the possible sentence might be, what penalty could be exacted as far as each charge was concerned".; that he fully advised the defendant as to all those things; and that the defendant was fully advised as to the various consequences of his plea. Mr. Gannon also told the court that he (Gannon) in advising the pleas of guilty had given the defendant the best possible advice within his knowledge and in keeping with all the facts and circumstances of the case.

It was brought out in the hearing that Mr. Gannon had had considerable experience in representing defendants in criminal cases and that in these cases he had proved himself to be "an able and efficient attorney" who left no stone unturned in any of the cases in giving his clients the finest and fullest representation of which he was capable.

After hearing the argument for the defendant and the Government and the statements by the defendant, the trial judge said that he was convinced that Mr. Gannon had represented the defendant in a very conscientious, faithful and

intelligent way, that he had given the defendant the best advice he knew how to give him and that the pleas as indicated in open court were the pleas of the defendant himself. After this statement the court denied the motion of the defendant that his plea of guilty to each indictment be vacated.

■ It is true that this record fails to show that the trial judge instructed the defendant as to the charges against him and the possible consequences as to his pleas of guilty, but we think that the record clearly shows that the defendant understood the charges against him and the possible penalties involved in his pleas of guilty. This defendant was not an illiterate who could not understand the explanation by his attorney as to what the charges were and what the possible penalties might be. The defendant was 33 years of age, had twice been prosecuted and convicted for the violation of state laws and had spent two and one-half or three years in a state penitentiary. He was therefore not unacquainted with criminal procedure.

The defendant's actions and statements and the statements of his attorney conclusively show, in spite of the defendant's last minute change of heart and contradictory statements, that there had been prolonged discussions between him and his attorney as to the charges against him, as to the possible penalties involved and as to the advisability of his pleading guilty. We are convinced, as was the trial court, that the defendant deliberately and knowingly pleaded guilty to the two indictments understanding what the possible consequences and penalties might be.

■ It is true that Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that the trial court shall not accept a plea of guilty without first determining that the plea is made voluntarily and with understanding of the nature of the charges. But, as we pointed out in United States v. Davis, 7 Cir., 212 F.2d 264, 267, it is not necessary for a District Court " * * * in every case [to] follow a particular ritual

in order to comply with Rule 11. A brief discussion with the defendant regarding the nature of the charges may normally be the simplest and most direct means of ascertaining the state of his knowledge. *Or there may be other circumstances from which it is evident that the defendant has the requisite understanding.* [Citing cases.]" (Our emphasis.)

■■ It is not necessary that such explanation be made by the trial judge personally. It is sufficient if the defendant has the requisite understanding from another. Michener v. United States, 8 Cir., 181 F.2d 911, 918. The explanation of the charges and possible penalties made by the defendant's attorney satisfied Rule 11.

■ On December 3, 1953, the trial court in this case imposed a sentence of ten years in Case No. 53–CR–6 and a sentence of twelve years in Case No. 53–CR–440, the sentences to run concurrently. There was no appeal from that judgment, although clearly the question of whether there was an abuse of discretion in the denial of the defendant's motion to withdraw his pleas of guilty was reviewable on appeal. Friedman v. United States, 8 Cir., 200 F.2d 690.

The questions involved are now presented to us on an appeal from an order of the District Court denying the defendant's motion to vacate or, in the alternative, to reduce or modify the original judgment, on the ground that the trial court abused its discretion in refusing to permit the defendant to withdraw his pleas of guilty before the sentence was imposed. The prayer of the motion indicates that the defendant was disappointed in the length of his sentence and that he would be at least partially satisfied if the length of the sentence here could be reduced. But the fact that a defendant, as a result of his plea of guilty, is given a longer sentence than he anticipated furnishes no grounds, even upon appeal from the judgment imposing the sentence, for a reversal of that judgment on the ground that the trial court had

refused to permit the defendant to withdraw his plea of guilty. Friedman **v.** United States, 8 Cir., 200 F.2d 690.

 A plea of guilty is more than an admission or extrajudicial confession of guilt; it amounts to a conviction and is just as conclusive as the verdict of a jury. When a defendant pleads guilty he may be held bound by it. Kercheval v. United States, 274 U.S. 220, 223, 224, 47 S.Ct. 582, 71 L.Ed. 1009.

The matter of granting or denying a motion to withdraw a plea of guilty is within the discretion of the trial court. Such a plea may not be withdrawn by the defendant as a matter of right. United States v. Searle, 7 Cir., 180 F.2d 209, 211. In that case this court was talking about the withdrawal of a plea before sentence. Rule 32(d) of the Federal Rules of Criminal Procedure provides: "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Thus we see that after sentence the court may set aside the judgment of conviction and permit the defendant to withdraw his plea only in order "to correct manifest injustice". The Rule thereby placed a limitation on the discretion of the trial judge to grant a motion to set aside a judgment and permit the withdrawal of a plea of guilty after sentence. In such an attack on a judgment there must be a showing that the court's refusal to grant the defendant's request to withdraw his plea of guilty would result in manifest injustice.

Likewise, in the instant case, the defendant filed a motion after judgment and sentence to vacate or, in the alternative, to reduce or modify the judgment. The grounds for this motion were that the trial court had refused to permit the defendant to withdraw his pleas of guilty before sentence. It was incumbent upon the defendant to show that he had been denied some funda-mental right by the denial of his motion before sentence. This burden the defendant failed to meet. Nor has the defendant shown that the failure to grant his present motion, which would amount to permitting him to withdraw his pleas of guilty after sentence, would result in manifest injustice. The legal consequences resulting from his pleas of guilty, which the District Court found was entered by the defendant voluntarily, after the nature of the charges and the possible penalties involved had been fully explained to him, should have been anticipated by the defendant.

Marvin P. Shore, Esq., a member of the Chicago Bar, appointed to represent the defendant in this court, has ably presented the defendant's case both by written briefs and in oral argument. We desire to express the court's appreciation for his valuable assistance.

The order of the District Court in denying the defendant's motion to vacate or, in the alternative, to reduce or modify the original judgment, is

Affirmed.