**William Olden McCALL, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 7653.

United States Court of Appeals
Fourth Circuit.

Argued June 9, 1958.

Decided June 12, 1958.

Robert D. Lewis, Asheville, N. C. (Court appointed counsel), for appellant.

W. A. Bull, Asst. U. S. Atty., Greenville, S. C. (Joseph E. Hines, U. S. Atty., Spartanburg, S. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This appeal questions the legality of the manner in which the District Court received a plea of guilty whereon the defendant, William Olden McCall, was convicted in the United States District Court for the Western District of South Carolina, for having transported a stolen automobile from Waynesville, North Carolina, to Anderson, South Carolina, knowing that it had been stolen.

McCall, a young man of thirty-one, has had an extensive criminal history, in-

cluding three previous convictions, in state courts, for automobile theft. Moreover, at the time of his arrest, he was on conditional release from the federal penitentiary in Atlanta where he had been serving a sentence for interstate transportation of another stolen motor vehicle.

Brought before the District Judge, he declined an offer of the Court to appoint counsel for him, waived indictment, and consented to trial on information. McCall was furnished a copy of the information, and it was read to him by the Clerk of the Court. The appellant's claim that he was not handed a copy of the information is flatly contradicted by the stenographic record of the proceedings.

Immediately following the entry of the plea, a government witness testified, without objection, to the circumstances of the arrest. The Judge, after a subsequent review of McCall's record, which was interspersed with a discussion with the defendant of his previous convictions, imposed upon him a four year sentence.

The defendant maintains that he was denied the benefit of Rule 11 of the Federal Rules of Criminal Procedure (18 U.S.C.A.), which provides that the Court " * * * shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge."

It is the duty of the Judge to make certain that a defendant who offers a plea of guilty understands its nature. Shelton v. United States, 5 Cir., 242 F. 2d 101, 112, but there is no suggestion, even now, that the plea was anything but voluntary or that the defendant failed to comprehend the nature of the charge against him. Cf. United States v. Swaggerty, 7 Cir., 218 F.2d 875. To the contrary, the defendant's previous record and the transcript of the entire proceedings reveal beyond any doubt that the plea of guilty was freely and consciously made with full understanding of the nature of the charge. The Seventh Circuit has held that:

"Of course, a failure to make the determination required would of itself be reversible error only in the absence of a showing that in fact the defendant understood the nature of the charges to which his plea was entered."

United States v. Davis, 7 Cir., 212 F.2d 264, 267. We find no error.

Affirmed.