**UNITED STATES of America,**
**Appellee,**

v.

**Roy V. CLARK, Jr., Appellant.**

**No. 12765.**

United States Court of Appeals
Fourth Circuit.

March 10, 1969.

James F. Blue, III, Asheville, N. C., for appellant.

William Medford, U. S. Atty., for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Roy V. Clark, Jr., appeals his conviction upon pleas of guilty to two counts of an indictment charging conspiracy to transport false securities in interstate commerce and causing a forged check to be transported from Gastonia, North Carolina to Huntsville, Alabama. 18 U.S.C. §§ 371 and 2314. We affirm the judgment of the district court.

A codefendant obtained a number of checks of a business firm that had long since gone out of existence. The checks were drawn on an Alabama bank. Clark knew the drawer's name was forged and that the checks were spurious. He passed two of the checks and was apprehended trying to pass a third. He also endorsed as payee, using his own name, at least one of the forged checks. Although his activities occurred in North Carolina, he caused the falsely made checks to be transported through ordinary banking channels to Alabama, where, of course, they were rejected by the bank upon which they were purportedly drawn.

■ Contrary to Clark's contention, the testimony of the investigating officer provided an adequate factual basis for the court's acceptance of the pleas. The introduction in evidence of the original checks was not required by Federal Rule of Criminal Procedure 11.[1]

■ We also find no merit in Clark's contention that he had not been furnished with a copy of the indictment as required by Federal Rule of Criminal Procedure 10. Before the arraignment, his attorney had been furnished a copy of the indictment, and he had conferred with Clark on several occasions. Clark told the court he had read the indictment and that he understood the charges against him.

The judgment is affirmed.

---

1. Fed.R.Crim.P. 11 provides in part: "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."