**Gary KELLY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 68 Civil 4160.**

United States District Court
S. D. New York.

April 21, 1969.

Gary Kelly, pro se, petitioner.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for respondent, Ross Sandler, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Petitioner moves under Title 28, United States Code, Section 2255, to vacate a judgment imposed upon his plea of guilty before Judge Mandelbaum of this court on May 31, 1946, which conviction was used as the basis for multiple offender treatment in the New York State Supreme Court on June 24, 1953. Petitioner is presently incarcerated pursuant to the State court judgment.

On May 21, 1946, petitioner was arraigned before a United States Commissioner and charged with forging, on May 20, 1946, a United States Government check. Bail was set at $500.00 and petitioner waived the preliminary examination. On May 29, 1946, a one-count indictment was returned which charged petitioner with uttering a forged United States Government check in violation of former Section 73 of Title 18, United States Code (presently 18 U.S.C. § 495).[1] A copy of the allegedly forged

1. Indictment Cr. 123–104.

check was attached to the indictment. On May 31, 1946, petitioner appeared before Judge Mandelbaum, who assigned counsel at that time. A copy of the indictment was then given to defense counsel, and the matter was adjourned to the second call of the calendar. After consultation with assigned counsel, petitioner pleaded guilty to the one-count indictment. The Assistant United States Attorney recommended that the imposition of sentence be suspended and that petitioner be placed on probation for a period of one year. After further discussion, Judge Mandelbaum suspended the imposition of sentence and placed petitioner on probation for one day.

█ Since petitioner is no longer serving a sentence imposed by this court, but is incarcerated in a New York State Penitentiary as a result of a State prosecution, his application will be treated as one for writ of error *coram nobis* or other relief under the "All Writs Statute", 28 U.S.C. § 1651(a). United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States v. Forlano, 319 F.2d 617, 618 (2d Cir. 1963); see Theriault v. Mississippi, 390 F.2d 657 (5th Cir. 1968).

Petitioner asserts various claims which, whether considered separately or together, do not warrant the granting of relief by this Court.

As error, petitioner claims, *inter alia,* that: (1) he was arrested on May 17, 1946 and not brought before a Magistrate until May 31, 1946; (2) he was not given a copy of the indictment before being called upon to plead; and (3) he was not informed of his rights to a preliminary examination. The record refutes these contentions.

█ The Commissioner's docket entries, attached to the Government's Affidavit in Opposition, show that the petitioner was arrested in connection with the same event for which he was thereafter indicted. The indictment charges him with an offense that occurred on May 20, 1946, the day prior to his arraignment. He obviously could not have been arrested and incarcerated on May 17, 1946 for an offense committed on May 20, 1946. Similarly, the May 31, 1946 Minutes of Plea and Sentence clearly indicate that petitioner was given a copy of the indictment prior to being called upon to plead. Although the docket entries further show that the petitioner waived his preliminary examination, it has been consistently held that an accused has no constitutional right to a preliminary hearing, and the failure to accord an accused a preliminary hearing is in no way violative of due process of law. United States v. Motte, 251 F. Supp. 601, 603 (S.D.N.Y.1966). As this Court noted in *Motte, supra*:

"The only purpose served by a preliminary examination is to determine whether there is sufficient evidence to warrant a defendant being held in custody or, as here, on bail to await action of a grand jury. The grand jury, by returning an indictment, resolved that issue, the indictment conclusively establishing the probable cause, and thereby eliminated the necessity for the preliminary hearing before the Commissioner." (Citations omitted.)

Further, the petitioner asserts as error that he was not advised by the Commissioner of his right to assignment of counsel and that he was not provided counsel until called upon to plead to the indictment before Judge Mandelbaum.

█ Arraignment is an important step in a Federal criminal proceeding and, therefore, the need for the assistance of counsel may exist at that time. United States v. Washington, 341 F.2d 277, 284, 9 A.L.R.3d 448 (3d Cir.), cert. denied, De Gregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89, rehearing denied, 382 U.S. 933, 86 S.Ct. 317, 15 L.Ed.2d 346 (1965) and cases cited therein. However, the denial of counsel in preliminary criminal proceedings is not in itself a denial of due process of law. McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791, 792–793 (1965); United States ex rel. Battle v.

Fay, 219 F.Supp. 798, 800 (S.D.N.Y. 1963). Petitioner was not called upon to plead before the Commissioner; he was informed of the charges against him and reasonable bail was set. The grand jury having subsequently returned an indictment, the necessity for a preliminary hearing, which petitioner waived, was eliminated. Therefore, even assuming the facts to be as petitioner alleges, this Court can find no prejudice to petitioner nor even a reasonable possibility of prejudice in fact. McGill v. United States, *supra*, 348 F.2d at 793.

■ Petitioner and his assigned counsel were allowed time to review the indictment, after which consultation the petitioner entered his plea of guilty. It should be noted that the indictment charged the utterance of a single, forged United States check, which check was attached to the indictment. It is therefore not unlikely that only a short time was needed for the petitioner and his counsel to examine the indictment and reach a conclusion as to a plea. On these facts, there is no support for petitioner's contention that counsel's assistance was ineffective. See Gray v. United States, 112 U.S.App.D.C. 86, 299 F.2d 467, 468 (1962).

■ Petitioner argues that he was denied due process of law in not being warned prior to his plea that should he subsequently be convicted of a felony in New York State he would be subject to multiple offender treatment. It is clear, however, that a defendant need not be apprised of all the collateral legal consequences of his plea. United States v. Cariola, 323 F.2d 180, 186 (3d Cir. 1963); United States v. Parrino, 212 F. 2d 919, 921–922 (2d Cir.), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954).

Petitioner, in conclusion, asserts that: (a) "he did not admit his guilt to the charge against him, but pleaded guilty in an effort to facilitate treatment of one (1) day Sentence Suspended, and promise that he would receive a suspended Sentence which would be tantamount

to an acquittal" and (b) that Judge Mandelbaum, in accepting his plea, failed to first determine that the plea was voluntarily made with an understanding of the nature of the charge as required by Fed.R. Crim.P. 11, prior to its amendment in 1966.

Inasmuch as petitioner's first allegation is unsupported by the record and is unaccompanied by any factual elaboration concerning the basis thereof, it is denied. Accardi v. United States, 379 F.2d 312, 313 (2d Cir. 1967); United States ex rel. Realmuto v. Wallack, 254 F.Supp. 1006, 1009 (S.D.N.Y.1966).

■ Although the May 31, 1946 Minutes of Plea and Sentence fail to show that Judge Mandelbaum instructed the petitioner as to the charges against him and the possible consequences of his plea, the record is nevertheless replete with evidence that petitioner understood the charges against him and the possible penalties involved. United States v. Swaggerty, 218 F.2d 875, 879 (7th Cir.), cert. denied, 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282 (1955).

■ It was not necessary for Judge Mandelbaum to follow a particular ritual or to comply with precise ceremonial or verbal formality in order to comply with the provisions of Rule 11. Mayes v. United States, 177 F.2d 505, 507 (8th Cir. 1949). As the Court noted in United States v. Davis, 212 F.2d 264, 267 (7th Cir. 1954):

> "A brief discussion with the defendant regarding the nature of the charges may normally be the simplest and most direct means of ascertaining the state of his knowledge. *Or there may be other circumstances from which it is evident that the defendant has the requisite understanding.*" (Citations omitted.) (Emphasis added.)

Petitioner was given a copy of the indictment prior to being called upon to plead, and was allowed time to confer with counsel. It may be assumed from this that petitioner was fully informed by his appointed counsel of the nature

of the charges against him and the possible penalties involved. In this event, it was not necessary for Judge Mandelbaum to have personally explained to petitioner the nature of the charges against him. United States v. Swaggerty, *supra* 218 F.2d at 879; United States v. Von Der Heide, 169 F.Supp. 560, 566 (D.D.C.1959); United States v. Shepherd, 108 F.Supp. 721, 723 (D.N.H. 1952). While it has been held that the presence of counsel in a criminal case does not relieve the judge of his serious obligation under Rule 11, this is a circumstance which may fairly be taken into account in determining the nature and extent of the inquiry to be made. Gundlach v. United States, 262 F.2d 72, 76 (4th Cir. 1958), cert. denied, 360 U.S. 904, 79 S.Ct. 1283, 3 L.Ed.2d 1255 (1959); United States v. Lester, 247 F. 2d 496, 500 (2d Cir. 1957).

Petitioner's plea of guilty was deliberately entered after consultation with counsel. Petitioner does not contend that any improper pressure was brought to bear upon him to plead guilty, and his contention that he was promised a suspended sentence which would be tantamount to an acquittal is refuted by the May 31, 1946 Minutes of Plea and Sentence. In fact, petitioner does not claim to be innocent of the charge to which he pleaded guilty. Additionally, it should be noted that petitioner did not raise his claim under Rule 11 in his original petition, but for the first time in his traverse to the Government's Affidavit in Opposition.

While lapse of time does not necessarily bar an assertion of constitutional infirmity, nevertheless the long interval that has ensued since the imposition of sentence and the present application casts doubt on the petitioner's good faith. Cf. United States v. Von Der Heide, *supra* 169 F.Supp. at 565.

The only possible consequence of his plea of which petitioner alleges he was not informed was the fact that should he subsequently be convicted of a felony in New York State he would be subject to multiple offender treatment. As previously noted, however, there was no need to inform the petitioner of this fact at the time of his plea.

Accordingly, and for the foregoing reasons, petitioner's application is in all respects denied.

So ordered.