**Bobby Lee MOORE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14384.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 24, 1986.

Andrew C. Bullard, Public Defender, Kennett, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant-appellant entered pleas of guilty to two charges of robbery in the first degree. He was sentenced to imprisonment for ten years on each charge, the sentences to run consecutively. After an evidentiary hearing, his motion under Rule 27.26 to set aside those sentences was denied. He states two points on appeal.

His first point is that he received ineffective assistance of counsel because he was not advised the state had the burden of proving the charges nor was he advised of his right to a jury trial. He further states that counsel told movant that all he could do for him was to plead him guilty and to do otherwise would result in severe punishment. Movant attempted to establish the allegations contained in this point by his testimony. That attempt included testimony he was not told he had a right to a jury trial, that his counsel "didn't tell me nothing" and the court told him nothing.

■ His testimony is refuted by the record of the plea proceedings and the testimony of his counsel. That record demonstrates the following. The decision to plead guilty was that of the movant. He was fully informed of his rights. He was fully informed of the consecutive sentences the court intended to impose. He was given an opportunity to plead not guilty. He thereafter voluntarily and knowingly entered the pleas of guilty. The credibility of the movant's testimony was for the trial court. *Kansas City v. Helms*, 538 S.W.2d 933 (Mo.App.1976). The trial court expressly found there was no credible evidence to support the movant's complaints. That determination is supported by the record. *Pridgeon v. State*, 478 S.W.2d 397 (Mo.1972); *Johnson v. State*, 579 S.W.2d 132 (Mo.App.1979). The point is denied.

Movant's second point is that his sentences should be set aside because he did not receive copies of the informations. He supports the point by argument that this was necessary to insure that he understood the charges. Rule 24.01 provides: "Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead."

The record establishes that copies of the informations were given to movant's counsel before the movant was called upon to plead. This has been held to be substantial compliance with Fed. Rules of Crim.Proc. 10. *United States v. Shepherd*, 108 F.Supp. 721 (D.C.N.H.1952). Further, at the arraignment the first information was read to the movant. Movant then announced, "Your Honor, I decided to plead guilty." The court then inquired:

THE COURT: You wish to plead guilty. You understand, Mr. Moore, that by entering a plea of guilty here you are admitting that you have done just exactly what is charged in the information that I read to you.

DEFENDANT: Yes, I understand.

After the second information was presented, the following colloquy occurred:

THE COURT: Now, Mr. Moore, it is my understanding that, that you, at the same time, are pleading guilty to this charge also?

DEFENDANT: Yeah.

THE COURT: Two charges, two separate charges of Robbery in the First Degree.

DEFENDANT: Right.

THE COURT: And you are admitting that you did the acts alleged in both of these charges.

DEFENDANT: Right.

■ The purpose of Rule 24.01 is to provide for an arraignment at which the accused is informed of the charge against him. *United States v. Gray*, 448 F.2d 164 (9th Cir.1971), cert. denied, 405 U.S. 926, 92 S.Ct. 974, 30 L.Ed.2d 798 (1972). Under facts virtually identical to those in this case it has been held the purpose of Rule 24.01

was fulfilled. *United States v. Clark*, 407 F.2d 1336 (4th Cir.1969). Upon the basis of the logic of *Shepherd* and *Clark*, this court finds no merit in movant's second point. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.