**Robert P. MEEKS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19190.**

United States Court of Appeals Fifth Circuit.

Jan. 25, 1962.

Robert P. Meeks, in pro. per.

J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

Meeks and two co-defendants were indicted for conspiracy to violate the Dyer Act and for substantive violations.[1] On July 5, 1960, Meeks was arraigned and pleaded not guilty, acknowledging in writing that he had received a copy of the indictment and had been offered the assistance of counsel, which he declined. A week later, on December 12, 1960, again in writing, Meeks acknowledged receipt of a copy of the indictment and that he had been offered counsel and changed his plea to "Guilty." Before accepting the plea of guilty, a brief hearing was conducted as follows:

"MR. O'KELLEY [Assistant United States Attorney]: You are Robert P. Meeks?

"MR. MEEKS: Yes, sir.

"MR. O'KELLEY: Mr. Meeks, you have previously been arraigned in a Dyer Act case here, 22,433, is that right?

"MR. MEEKS: Yes sir. I was arraigned on it.

"MR. MEEKS (Sic): Now I am informed that you have expressed

1. 18 U.S.C.A. §§ 371, 2312 and 2313.

the desire to change your plea in this case, is that right?

"MR. MEEKS: That's right.

"MR. O'KELLEY: And do you have an attorney to represent you here?

"MR. MEEKS: No, I don't.

"MR. O'KELLEY: Do you desire to have an attorney?

"MR. MEEKS: No, sir.

"MR. O'KELLEY: Are you able to hire one if you want one?

"MR. MEEKS: No, sir.

"MR. O'KELLEY: You understand you have the right to have an attorney, and if you are unable to hire one the Court can appoint a lawyer to represent you. You may go ahead without a lawyer, or you may have one. You want to go ahead without a lawyer? Is that your—

"MR. MEEKS: Yes, sir, I will go ahead.

"MR. O'KELLEY: Now, is your desire to change your plea a voluntary desire on your part? No one has threatened you any, or promised you anything to get you to change your plea?

"MR. MEEKS: Not a thing.

"MR. O'KELLEY: Allright. Would you sign your motion right here for the purpose of changing your plea? —A motion to change a previously entered plea of not guilty to a plea of guilty in Case Number 22,433 has been signed by the defendant Robert Meeks.

"MR. MEEKS: Does that cover —

"MR. O'KELLEY: That covers everything you are charged with.

"THE CLERK: Order allowing change of plea allowed, Mr. O'Kelley.

"MR. O'KELLEY: Now, this is a plea of guilty. If you will sign it— Plea of guilty with waiver of counsel has been signed by the defend-

ant, in Case Number 22,433, by the defendant Meeks.

"THE COURT: Mr. Meeks, if you will just have a seat, I want a little time to go over this pre-sentence report, and I will ask you to bring him back at two o'clock, if you will, and at that time I will dispose of the case."

Upon Meeks return, the court sentenced him to four years' imprisonment. On March 20, 1961, Meeks filed a motion under 28 U.S.C.A. § 2255, alleging the following grounds:

"(1) Movant was induced to plead guilty by threats made to him by F.B.I. Agent Mohr, and F.B.I. Agent Reynolds.

"(2) Movant was not afforded counsel at his trial, thus violating his rights as guaranteed by the Sixth Amendment of The United States Constitution.

"(3) Movant was forced to plead guilty to a crime that he was not guilty of, and had the court investigated this case before imposing sentence upon Movant, there would not have been any trial.

"(4) Movant was subjected to cruel and unusual punishment by F.B.I. Agent Mohr, and F.B.I. Agent Reynolds, thus violating his rights as guaranteed by Article Eight of the United States Constitution."

The court required a response from the Government and then conducted a full hearing at which Meeks' wife, F.B.I. Agents Mohr and Reynolds, and other witnesses testified at length. As a result of that hearing the court found:

"While there was intermittent questioning of movant by the federal agents and several conversations between them with reference to others who might have been involved in the transactions with movant, and whether movant would testify against them, but, the Court finds:

"1. Movant was not threatened by officers or by agents of the Federal Bureau of Investigation.

"2. Movant was fully advised as to his right to counsel and knowingly waived his right to be represented by counsel.

"3. Movant was not forced nor in any way coerced in entering a plea of guilty.

"4. Movant was not promised or offered any inducement to influence him to enter a plea of guilty.

"5. Movant was not subjected to any punishment by the federal agents or other officers.

"The movant has failed to sustain the allegations of the \motion."

The evidence adequately supports the findings of fact by the district court. The judgment denying the Section 2255 motion is therefore

Affirmed.