UNITED STATES of America,
Appellee,

v.

William J. SMITH, Jr., Appellant.

No. 199, Docket 32835.

United States Court of Appeals
Second Circuit.

Argued Nov. 21, 1968.

Decided Feb. 19, 1969.

William J. Smith, Jr., pro se.

Joseph F. Radigan, U. S. Atty., for the District of Vermont, for appellee.

Before KAUFMAN and ANDERSON, Circuit Judges, and TENNEY, District Judge.*

TENNEY, District Judge:

On July 20, 1966, appellant was convicted in the United States District Court for the District of Vermont, on his plea of guilty to transporting "a falsely made and forged security" in interstate commerce, in violation of Title 18, United States Code, Section 2314, and was sentenced on July 29, 1966 to a

* Of the Southern District of New York sitting by designation.

five-year term of imprisonment.[1] On June 7, 1968, appellant filed a petition pursuant to 28 U.S.C. § 2255 to vacate his conviction. Judge Gibson denied the petition without a hearing, and, for the reasons below, we affirm.

It is appellant's sole contention that the district court was without jurisdiction to impose the sentence which he is presently serving in that "the violations charged within the four corners of the indictment state no federal offense * * *." (Motion to Vacate, p. 1).

Specifically, Count 1 of the indictment to which appellant pleaded charged that:

"On or about the 2nd day of February, 1965, William James Smith, Jr., with unlawful and fraudulent intent, did transport and cause to be transported in interstate commerce from Brandon, in the District of Vermont, to Washington, in the District of Columbia, a falsely made and forged security, that is a check in the amount of $25.00, numbered 180, dated February 2, 1965, drawn on the Security Bank, Washington, D. C., made payable to Cash, signed 'Robert M. Dimitruk,' knowing said check to have been falsely made and forged; in violation of Section 2314, Title 18, United States Code."

■ Appellant alleges that inasmuch as "Robert M. Dimitruk" was a name which he had assumed in his professional capacity and by which he was commonly known, the instrument which he signed in that name was, as a matter of law, not a "falsely made" or "forged" security. This allegation might have been relevant to the question of whether appellant actually committed the offense charged, had it been presented at trial or on direct appeal from a judgment of conviction following a trial on the merits.[2] It is not relevant, however, in a motion to vacate the sentence after appellant has knowingly and voluntarily entered a plea of guilty, thereby admitting all elements of the offense charged in the indictment.

■ On its face, the indictment clearly charged appellant with an offense under the statute. Therefore, appellant may not now attack the conviction based upon his plea of guilty to the indictment by introducing matter outside the four corners of the indictment which at most constitutes a defense to the crime charged. Clark v. United States, 273 F.2d 68, 69 (6th Cir. 1959), cert. denied, 362 U.S. 979, 80 S.Ct. 1064, 4 L.Ed.2d 1013 (1960). Nor may he raise "a question of *jurisdiction* because of the facts which he now incorporates in his statement of the issue presented." La Fever v. United States, 279 F.2d 833, 834 (7th Cir. 1960), cert. denied, 364 U. S. 904, 81 S.Ct. 238, 5 L.Ed.2d 196, rehearing denied, 364 U.S. 929, 81 S.Ct. 355, 5 L.Ed.2d 267 (1960). Since it does not appear on the face of the indictment that no federal offense had been committed, the indictment is not presently subject to collateral attack by motion under Section 2255. Kreuter v.

---

1. Title 18, United States Code, Section 2314, provides in pertinent part:

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered or counterfeited securities * * * knowing the same to have been falsely made, forged, altered or counterfeited * * * [s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both." (Supp.1967).

2. In view of the determination reached herein, it is not necessary for us to reach the question of whether the broad or narrow definition of "forgery" applies in this circuit. See United States v. First Nat'l City Bank, 235 F.Supp. 894, 897 (S.D.N.Y.1964), aff'd, 353 F.2d 308 (2d Cir.1965). But see United States v. First Nat'l City Bank, *id.* at 311 (dissenting opinion of Moore, J.). For a recent discussion of the distinction between the definitions, see United States v. Metcalf, 388 F.2d 440 (4th Cir. 1968); Hall v. United States, 372 F.2d 603 (8th Cir.), cert. denied, 387 U.S. 923, 87 S.Ct. 2040, 18 L.Ed.2d 979, rehearing denied, 389 U.S. 891, 88 S.Ct. 22, 19 L.Ed.2d 206 (1967). Nor is it necessary to determine whether a "falsely made" security is involved. Stinson v. United States, 316 F.2d 554 (5th Cir. 1963).

United States, 201 F.2d 33, 35 (10th Cir. 1952).

 Passing from a consideration of the indictment, it is established that a plea of guilty admits all facts well pleaded and a sentence imposed after such a plea is entered is not subject to collateral attack on the ground that the defendant was in fact innocent of the crime charged. United States v. Miller, 254 F.2d 523 (2d Cir.), cert. denied, 358 U. S. 868, 79 S.Ct. 100, 3 L.Ed.2d 100 (1958). Having by virtue of his plea, knowingly and voluntarily represented that "with fraudulent or unlawful intent" he caused to be transported in interstate commerce a falsely made and forged security knowing the security to have been falsely made and forged, United States v. Spada, 331 F.2d 995, 996 (2d Cir.), cert. denied, 379 U.S. 865, 85 S.Ct. 130, 13 L.Ed.2d 67 (1964), appellant has precluded himself from now challenging the truthfulness of those admissions.

It is significant that nowhere in the papers before the district court is it alleged that appellant did not understand the nature of his plea at the time it was entered, that counsel was incompetent in that he failed to properly apprise the appellant of the elements of the crime with which he was charged,[3] or that appellant's decision to enter a guilty plea was in any way coerced. The matter now alleged by appellant as the grounds for his motion was disclosed to the Court by appellant's attorney and by appellant at the time of sentence. (Transcript, pp. 26, 40.) Further, although appellant fails to set forth any facts upon which the within petition could be construed as a motion to withdraw a guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, a mere allegation of innocence is not sufficient to warrant the granting of such an application, United States v. Giuliano, 348 F.2d 217, 222 (2d Cir.), cert. denied, 382 U.S. 946,

86 S.Ct. 406, 15 L.Ed.2d 354 (1965); United States v. Hughes, 325 F.2d 789, 792 (2d Cir.), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964), and the district court would have acted well within its discretionary power in denying the application.

Affirmed.

---

3. Appellant, in his Reply Brief submitted to this Court, for the first time questions the competency of his counsel. This is not borne out by the record. Nor may it be raised on this appeal. Brisco v. United States, 368 F.2d 214 (3rd Cir. 1966).