UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest Norman STEELE, Defendant-
Appellant.

No. 609, Docket 33206.

United States Court of Appeals
Second Circuit.

Argued May 12, 1969.

Decided June 9, 1969.

Phylis Skloot Bamberger, New York
City (Milton Adler, The Legal Aid So-
ciety, New York City), for defendant-
appellant.

Vincent T. McCarthy, U. S. Atty., and
Georgiana O. Miranda, Asst. U. S. Atty.,
Eastern District of New York, for plain-
tiff-appellee.

Before WATERMAN, SMITH and
KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Ernest Norman Steele, indicted for
theft of typewriters, the property of the
United States, in the Eastern District
of New York, pleaded guilty before
Judge Bruchhausen, was sentenced by
Chief Judge Zavatt to a term of im-
prisonment, and appeals. We hold that
the requirements of Rule 11, Federal
Rules of Criminal Procedure [1] were not
satisfied, and reverse and remand for
further proceedings.

Steele, represented by counsel, was put
to plea on the first count of a 26-count
indictment. The clerk read to him that
count,[2] advised him of his right to speedy

1. Rule 11 reads in relevant part:
   * * * The court may refuse to
   accept a plea of guilty, and shall not
   accept such plea * * * without
   first addressing the defendant person-
   ally and determining that the plea is
   made voluntarily with understanding
   of the nature of the charge and the
   consequences of the plea. * * * The
   court shall not enter a judgment upon
   a plea of guilty unless it is satisfied
   that there is a factual basis for the
   plea.

2. The Court: * * * The Clerk will
   question the Defendant.
   The Clerk: Yes, your Honor.
   Ernest Steele, before accepting your
   plea of guilty you must be informed of
   the charges called against you.
   In Indictment 68 CR 123, the Grand
   Jury charges in Count One, on or about

and between the 6th and the 8th day of
November, 1965, both dates being approxi-
mate and inclusive, within the Eastern
District of New York, the Defendant
Ernest Norman Steele, stole a Royal
manual typewriter, model #FTE16, bear-
ing Serial #7048422, of a value in ex-
cess of $100.00, property of the United
States Department of the Air Force,
located at Building #197, John F. Ken-
nedy International Airport. It is Title
18, United States Code, section 641.
   Ernest N. Steele, do you understand
that you have a right to a speedy and
public trial by an impartial jury?
   The Defendant: Yes.
   The Clerk: Do you understand that
if.you should go to trial, you would have
the right to compulsory process to obtain
witnesses in your behalf.
   The Deefendant: Yes.

trial, to subpoena and confront witnesses, of the possible penalty of imprisonment and asked if the plea was voluntary. He responded that it was. An assistant United States Attorney advised as to the maximum penalty, the clerk told of the possibility of Youthful Offender treatment. The court asked if the answers would be the same if he asked the questions and Steele stated that they would. The plea of guilty was thereupon accepted. Steele contends that this procedure was fatally defective in two respects: (1) the failure of the judge personally to advise the nature and consequences of the plea and carry on the interrogation of the defendant to determine that the plea was understandingly and voluntarily entered, and (2) the lack of a factual basis for the plea in the explanation by the clerk and the responses of Steele.

Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (*per curiam*) (May 5, 1969) holds that the requirements of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (April 2, 1969) are not retroactive, and the United States argues here that interrogation by the clerk adopted by

The Clerk: The right to be confronted by witnesses against you.

The Defendant: Yes.

The Clerk: Do you further understand that if you should plead guilty in this cause the Court has the power to and may sentence you to a term of imprisonment.

The Defendant: Yes.

The Clerk: Has anyone made any threats or promises of any kind to induce you to plead guilty.

The Defendant: No.

The Clerk: Is this plea being made voluntarily on your part.

The Defendant: Yes.

The Clerk: How do you plead as to Count Two in indictment—

Mr. Chrein: Count One.

The Clerk: Count One, excuse me, in indictment 68 CR 123?

The Defendant: Guilty.

The Clerk: The count I just read. Guilty, your Honor.

The Court: Mr. Ernest N. Steele, if I were to ask you the same questions, would your answers be the same?

The Defendant: Yes, your Honor.

The Court: What is the penalty here?

Mr. Steinmann: The penalty is a fine of $10,000 and/or ten years in imprisonment, your Honor.

The Court: How old are you?

Mr. Chrein: The Defendant is 19 years old and is eligible for treatment under the Youth Correction Act.

The Court: Then the Clerk will inform the Defendant of the provisions of the Youth Correction Act.

The Clerk: Yes, your Honor.

Ernest Norman Steele, as a youth offender or a young adult offender, the Court is empowered to commit you under the Youth Correction Act instead of imposing the regular adult sentence which you were just informed of.

Under the Youth Correction Act, you may be released from custody at any time by the Youth Division of the Board of Parole but you could be held in custody for as long as 4 years before you are released. Your length of confinement will depend in large part on how well you conduct yourself there.

After you are released, you will be under the supervision of a Probation Officer for a period of up to 6 years from the date of your conviction. This period of supervision is in large part, up to you and you may win final discharge from the Parole Board at any time before then, in which case, your conviction is automatically set aside.

On the other hand, if you violate the conditions of your parole, you can be brought back into confinement and kept there up to 6 years from the date you were originally committed.

This is pursuant to Section 4209 and 5010(a) Title 18 United States Code.

While in custody, you will normally be assigned to a special institution designed for young men like yourself, which has facilities and programs designed to better help you.

Do you understand that, Mr. Steele?

The Defendant: Yes.

The Court: Do you understand that the Court has the power to sentence you either under the Youth Correction Act, or under the Statute, the penalty of which has been recited to you?

Do you understand that?

The Defendant: Yes, your Honor.

The Court: Very well. The plea is entered.

Mr. Chrein: Your Honor, the Defendant is presently on his own recognizance. May he be continued?

Mr. Steinmann: No objection, your Honor.

The Court: That will be continued.

the judge satisfies the requirement that the interrogation be of the defendant personally, as that requirement was understood before *McCarthy* was decided. We need not, however, determine whether the interrogation met pre-*McCarthy* standards in this regard, for it plainly failed to meet the other requirements of the rule, as amended in 1966, that the judge satisfy himself as to the factual basis of the plea. A bare recitation that the defendant "stole" a typewriter from a certain place does not sufficiently portray the facts necessary to satisfy the court that the elements of larceny were present, and particularly where more than one defendant is charged, a sufficient statement of the acts and intent of the particular defendant, what the defendant did and intended, is necessary to an intelligent determination of whether there was a factual basis for the plea.

Reversed and remanded for vacation of the plea and further proceedings in accordance herewith.