Edward Peter SCHWORAK, Appellee,

v.

UNITED STATES of America, Appellant.

No. 410, Docket 34059.

United States Court of Appeals Second Circuit.

Argued Dec. 5, 1969.

Decided Jan. 2, 1970.

Richard A. Silver, Bridgeport, Conn., for appellee.

J. Daniel Sagarin, Asst. U. S. Atty., Stewart H. Jones, U. S. Atty., for appellant.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

The Government appeals from an order entered July 30, 1969 vacating appellee's March 21, 1967 voluntary plea of guilty when appellee was represented by retained counsel. The same district judge that accepted the plea heard and granted appellee's motion pursuant to 28 U.S.C. § 2255 to vacate that plea and to set aside the conviction based thereon.

The present Rule 11, Fed.R.Crim.P., was in effect on March 21, 1967.[1] After the Section 2255 hearing the sentencing judge was satisfied that when he accepted appellee's plea on that day he did not comply with the Rule in that he neither determined that appellee knew the consequences that could follow upon the plea nor was he satisfied that there was a factual basis for the plea. The Government concedes that the judge's findings are correct and that these requirements of the Rule were not complied with, but points out that in Halliday v. United States, 394 U.S. 831, 833, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16 (per curiam May 5, 1969), the Court held that "only those defendants whose guilty pleas were accepted after April 2, 1969, are entitled to plead anew if their pleas were accepted without full compliance with Rule 11." Halliday's plea was accepted in 1954 long before the requirements inserted into Rule 11 in 1966, the requirements the judge below found he had overlooked here, were effective. Shortly after *Halliday* we recognized that the Supreme Court would not have intended, after the effective date of the amended Rule 11, to permit emasculation of a Rule the Court itself had so recently promulgated, and we held in United States v. Steele, 413 F.2d 967 (2 Cir. June 9, 1969) that the acceptance by a judge after July 1, 1966 and prior to April 2, 1969 of a guilty plea without first determining whether there was a factual basis for the plea required that the plea be vacated. The district judge held that *Steele* was controlling. We follow our former holding and the order below is affirmed.

1. Rule 11, Fed.R.Crim.P., with the amendments effective July 1, 1966 printed in italics, reads as follows:

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept [the] *such plea or a plea of nolo contendere* without first *addressing the defendant personally and* determining that the plea is made voluntarily with understanding of the nature of the charge *and the consequences of the plea.* If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. *The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.*

As amended Feb. 28, 1966, effective July 1, 1966.