**Ellis Salem GEORGE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 401, Docket 33482.**

United States Court of Appeals
Second Circuit.

Submitted Jan. 8, 1970.

Decided Jan. 13, 1970.

Certiorari Denied May 18, 1970.
See 90 S.Ct. 1716.

Baldwin Maull, Jr., New York City, for appellant.

H. Kenneth Schroeder, Jr., U. S. Atty., for the Western District of New York, and James W. Grable, Asst. U. S. Atty., for appellee.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and MANSFIELD, District Judge.*

PER CURIAM:

Named in four counts of a six count indictment involving the theft and passing of Treasury checks, George on May 28, 1968, chose to plead guilty to one count of the indictment, conspiracy to steal, forge, and utter Treasury checks, before Judge Henderson. He was sentenced on June 17, 1968 to four years imprisonment. Concededly, when taking the plea the trial judge did not comply with Rule 11 of the Federal Rules of Criminal Procedure in that he did not catechize George according to the terms that Rule prescribes to ascertain that the plea was knowingly and voluntarily made.

George then timely moved under 28 U.S.C. § 2255 to vacate the judgment of conviction and sentence on the grounds that the plea was involuntarily made. In his motion he alleged that he did not have an understanding of the nature of the charge and the consequences of the plea. Judge Henderson appointed experienced counsel to represent George on this motion and, after holding an exhaustive evidentiary hearing on the matter, found that the government had sustained its burden of proving that the plea was knowingly and voluntraily given. ·

█ We affirm the denial of the motion. A reading of the transcript of the Section 2255 hearing and the relevant trial minutes shows that Judge Henderson's decision on the Section 2255 motion was fully supported by the record.

█ George would avoid this conclusion by arguing that McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, ·22 L. Ed.2d 418 (1969), holds that the failure to comply with Rule 11 cannot be cured by a post-trial hearing into the procedural safeguards actually accorded defendant but mandates vacation of any guilty plea taken not in conformity with that Rule. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), however, the Supreme Court held that *McCarthy* was not to be applied to pleas taken prior to the date of its decision, April 2, 1969. Having pleaded guilty on May 28, 1968, George cannot avail himself of the *McCarthy* rule.

This is not to say that guilty pleas entered after Rule 11 was adopted on July 1, 1966 and before *McCarthy* was decided need not meet the standards set forth in the Rule. Rather, we have recently made clear in Schworak v. United States, 419 F.2d 1313 (2 Cir. Jan. 2, 1970), that, on a

* Sitting by designation.

Section 2255 motion, guilty pleas given during this period without benefit of a Rule 11 inquiry should be examined at a full evidentiary hearing, such as was provided here. Of course, *McCarthy* mandates that a plea taken after April 2, 1969 not in conformity with Rule 11 is beyond cure, and thus a post-conviction hearing into the sufficiency of the procedural safeguards actually given in that situation would be superfluous.

The court expresses its thanks to Baldwin Maull, Jr. for accepting the assignment to present George's appeal.

Affirmed.