**UNITED STATES of America,
Appellee,**

v.

**Pasquale A. DELSANTER, Defendant-
Appellant.**

**No. 511, Docket 33361.**

United States Court of Appeals,
Second Circuit.

Submitted Jan. 21, 1970.

Decided Nov. 2, 1970.

Pasquale A. Delsanter, pro se.

Edward R. Neaher, U. S. Atty., E.D. N.Y., and Edward John Boyd, V, Asst. U. S. Atty., for appellee.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

Appellant Pasquale A. Delsanter appeals from an order of the United States District Court for the Eastern District of New York denying his application under 28 U.S.C. § 2255 (1964) for an order vacating a judgment of conviction entered against him on June 13, 1968.

Appellant, indicted in the United States District Court for the Northern District of Ohio, Eastern Division, for transporting a forged check in interstate commerce in violation of 18 U.S.C. § 2314 (1964) consented, pursuant to Rule 20 of the Federal Rules of Criminal Procedure to the disposition of his case in the district in which he was apprehended, and on April 25, 1968, entered a plea of guilty in the United States District Court for the Eastern District of New York. He was sentenced on June 13, 1968 to eight years imprisonment.

Appellant thereafter moved under 28 U.S.C. § 2255 (1964) to withdraw his plea of guilty and vacate the judgment of conviction and sentence on the grounds that the plea was involuntarily made because induced by assurances of a minimum sentence and because he did not have an understanding of the consequences of the plea and on the ground that the procedure of taking the plea did not comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

Appellant's Section 2255 application was initially considered by Chief Judge Zavatt, who ordered that an evidentiary hearing be held and subsequently directed that the hearing be held before Judge Bruchhausen, who had accepted appellant's guilty plea. The evidentiary hearing before Judge Bruchhausen was held on December 13, 1968. Appellant was represented at the hearing by assigned counsel. Judge Bruchhausen found that appellant's plea was voluntarily and understandingly entered and denied appellant's motion.

We affirm the denial of the motion. Appellant's claim that Judge Bruchhausen applied improper evidentiary standards is totally unsubstantiated, and the decision is amply supported by the record.

█ █ Nor do we find any merit in appellant's contention that a hearing on the voluntariness of a guilty plea must be conducted by a judge other than the one who accepted the plea. Such a procedure is not required by Section 2255, and the

practice in this circuit is otherwise. See George v. United States, 421 F.2d 128 (2d Cir. 1970) (per curiam); Schworak v. United States, 419 F.2d 1313 (2d Cir. 1970) (per curiam).[1] That the judge may bring to bear his personal knowledge of prior proceedings is an advantage rather than a mark of inherent prejudice. See Mirra v. United States, 379 F.2d 782, 788 (2d Cir.), cert. denied, 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1967).

Appellant also urges that his plea should be vacated on the ground that (1) the interrogation of defendant at the time of taking the plea was conducted by the clerk rather than by the judge himself and (2) the judge did not assure himself of the factual basis of the plea as required by Rule 11 of the Federal Rules of Criminal Procedure.

■ The requirement of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1960), that the trial judge personally interrogate the defendant as to the voluntariness of his plea was held nonretroactive in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) (per curiam), and its rule is thus not available to defendant, who entered his plea of guilty in 1968. See Meeks v. United States, 298 F.2d 204 (5th Cir. 1962); United States v. Swaggerty, 218 F.2d 875 (7th Cir.), cert. denied, 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282 (1955); Advisory Committee Notes, 18 U.S.C.A. Rule II (1969).

■ U. S. v. Manley, 432 F.2d 1241 (2d Cir. 1970) holds that where it does not appear in the record whether the district judge taking the plea was sufficiently assured as to the factual basis of the plea, the case may be remanded to permit the judge to make a finding as to that matter. Under that ruling this case is remanded for further proceedings.

FRIENDLY, Circuit Judge (concurring in memorandum):

With respect to the remand, I concur solely because I regard myself as bound by the *in banc* decision in Manley v. United States. In all other respects I concur without reservation.

---

1. The procedure in this circuit accords with that in the District of Columbia, the Fourth and the Ninth Circuits. See Briscoe v. United States, 129 U.S.App. D.C. 146, 391 F.2d 984, 989 (1968); United States v. Smith, 337 F.2d 49, 51–53 (4th Cir. 1960), cert. denied, 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436 (1965); King v. United States, 402 F. 2d 58, 60 (9th Cir. 1968). In Halliday v. United States, 380 F.2d 270 (1st Cir. 1967), aff'd on other grounds, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the First Circuit adopted a rule requiring that a different judge conduct the § 2255 hearing. The rule was acknowledged as representing policy preference rather than constitutional necessity. In Panico v. United States, 412 F.2d 1151, 1155–1156 (2d Cir. 1969), cert. denied 397 U.S. 921, 90 S.Ct. 901, 25 L.Ed.2d 102 (1970) we held that the First Circuit's rule was not intended to prohibit the original judge from passing on the legal sufficiency of a Section 2255 application, but did not expressly decide whether we would choose to follow the rule in a case where a hearing was required. The subsequent decisions of this court cited in text above adhere tacitly to the general practice of holding the hearing on voluntariness before the judge who accepted the guilty plea.