**William J. SMITH, Jr.**

*v.*

**UNITED STATES of America.**

**Civ. A. No. 5994.**

United States District Court,
D. Vermont.

Dec. 3, 1970.

William J. Smith, Jr., pro se.

Robert H. Erdmann, Burlington, Vt., for petitioner.

David A. Gibson, Asst. U. S. Atty., and Norman Cohen, Asst. U. S. Atty., Rutland, Vt., for the Government.

## OPINION AND ORDER

LEDDY, Chief Judge.

### I. FACTS.

Petitioner William J. Smith, Jr. moves this Court pursuant to 28 U.S.C.A. § 2255 to vacate his sentence and conviction. Petitioner alleges that a plea of guilty was accepted by the late Honorable Ernest W. Gibson in violation of revised Rule 11 of the Federal Rules of Criminal Procedure and that his plea of guilty was not *voluntary* nor made with *understanding* of the nature of the charge and that there was no finding by this Court that a *factual basis* existed for acceptance of the plea.

### II. THE APPLICATION OF RULE 11

Rule 11 of the Federal Rules of Criminal Procedure as amended effective July 1, 1966, provides that the Court shall not accept a guilty plea " * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." In addition the Court cannot enter judgment upon the plea of guilty "* * * unless it is satisfied that there is a factual basis for the plea." The record shows that there was no finding of a factual basis for acceptance of petitioner Smith's plea. Rule 11 requires strict compliance with its mandates. If a guilty plea is accepted without compliance to Rule 11, the conviction will be vacated and such defendant will be allowed to plead anew. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

Petitioner Smith was brought before the late Chief Judge Gibson on July 20, 1966, and at that time entered his plea of guilty. The rule set down by the Supreme Court in McCarthy, supra, applies prospectively, that is only to pleas accepted after April 2, 1969. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16; George v. United States, 421 F.2d 128 (2d Cir.

1970). Thus, petitioner is foreclosed from the relief provided for by *Mc-Carthy, supra.* We cannot automatically vacate his plea and allow him to plead anew.

### III. ISSUES PRESENTED.

Petitioner claims first that his plea was not made voluntarily. Secondly, he alleges that the plea was not made with understanding of the charges and its consequences. Thirdly, petitioner asserts that there was no finding by the Court that a factual basis existed for acceptance of his plea.

We find that only the third claim as to a finding of factual basis for the plea is worthy of consideration. However, an explanation is necessary as to the reason why petitioner's first and second allegations should not be considered by the Court at this time.

The record reveals that Judge Gibson asked the petitioner *personally* at least three times whether his plea was voluntary. The late Judge Gibson also inquired whether threats or promises had induced the plea. The consequences or penalties allowed by law were noted in open court and petitioner was asked if he understood. All of this leads inescapably to the fact that petitioner's plea was voluntary, uncoerced, with understanding of the attendant consequences and of the charge that was read to him in open Court.

■ However, there is another more compelling reason why this Court is estopped from reopening the questions of voluntariness and understanding of the charge and its consequences. Petitioner Smith had previously brought before this Court, with the late Judge Gibson presiding, a § 2255 motion to vacate conviction and sentence. His motion was dismissed and petitioner Smith appealed. See United States v. Smith, 407 F.2d 33 (2d Cir. 1969). Although petitioner's previous motion did not directly confront the issues of voluntariness nor that of understanding of the plea and its con-

sequences, the Court of Appeals held that petitioner Smith

* * * *knowingly* and *voluntarily* represented that "with fraudulent or unlawful intent" he caused to be transported in interstate commerce a falsely made and forged security knowing the security to have been falsely made and forged, (citations omitted) [and] appellant has precluded himself from now challenging the truthfulness of those admissions. 407 F.2d at 35 (emphasis added).

This Court is cognizant of the fact that the doctrine of *res judicata* has no application to habeas corpus and § 2255 petitions. See Sanders v. United States, 373 U.S. 1, 13–14, 83 S.Ct. 1068, 10 L.Ed. 2d 148 (1963); Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989 (1924). However, the Second Circuit has noted that the doctrine of *stare decisis* does apply to successive habeas corpus and § 2255 proceedings, and that a district court must be vigilant in this regard lest there should occur the odious result of overturning its Court of Appeals. See United States ex rel. Schnitzler v. Follette, 406 F.2d 319 (2d Cir. 1969).

Since the Court of Appeals had held that petitioner knowingly and voluntarily entered a plea of guilty, *Smith, supra,* 407 F.2d at 34–35, this Court is foreclosed from reopening these questions. However, we are not estopped from considering petitioner's contention that there was no finding that a factual basis existed for acceptance of his plea of guilty.

### IV. RIGHT TO RELIEF.

In our order dated November 5, 1970, filed on November 6, 1970, we determined that petitioner should be accorded a hearing to ascertain whether there existed a factual basis for acceptance of petitioner's plea of guilty in order to comply with Rule 11 of the Federal Rules of Criminal Procedure as amended July 1, 1966. Petitioner entered his plea of guilty before the late Chief Judge Ernest W. Gibson of this Court on July 20, 1966. At that

time Judge Gibson accepted petitioner's pleas of guilty to three offenses with no specific finding or determination that a factual basis existed for acceptance of petitioner's pleas of guilty.

Petitioner pleaded to three counts, and all three of his guilty pleas were accepted. The three counts were as follows: one count of interstate transportation of a falsely made and fraudulent security (18 U.S.C.A. § 2314); and two counts of escape from federal custody (18 U.S. C.A. § 751). Petitioner, however, in his present § 2255 proceeding attacks only the fraudulent check count as to the lack of the required finding of a factual basis. We feel that justice will best be served by a determination of whether a factual basis existed for petitioner's pleas of guilty as to *all three counts* while the matter is now before us and we shall treat petitioner's petition as applying to the three counts.

## V. THE DETERMINATION OF THE ISSUE OF FACTUAL BASIS FOR ACCEPTANCE OF PETITIONER'S GUILTY PLEAS.

In granting petitioner a hearing to ascertain whether a factual basis existed for accepting petitioner's pleas of guilty, we noted in our order filed November 6, granting petitioner a hearing on the narrow issue of factual basis, that the law applicable to Rule 11 of the Federal Rules of Criminal Procedure was rapidly developing in this Circuit. The Second Circuit has allowed evidentiary hearings because of non-compliance with Rule 11 to petitioners who pleaded *before* April 2, 1969, but after July 1, 1966, the latter being the applicable date of amended Rule 11 of the Federal Rules of Criminal Procedure. See Bye v. United States, 435 F.2d 177 (2d Cir. 1970); George v. United States, 421 F.2d 128 (2d Cir. 1970); Schworak v. United States, 419 F.2d 1313 (2d Cir. 1970). We noted especially the case of United States v. Steele, 413 F.2d 967 (2d Cir. 1969) where the Court *vacated* a sentence because there was no compliance with the Rule 11 requirement that there be " * * *

an intelligent *determination* of whether there was a factual basis for the plea." 413 F.2d at 969 (emphasis added). Since our last order filed November 6, 1970, granting a hearing to determine whether a factual basis existed in petitioner's case, another new case has come to our attention. In Manley v. United States, 432 F.2d 1241 (2d Cir. October 16, 1970) the court said the following:

* * * [T]here will be pleas of guilty in the period between July 1, 1966, when the amendment of Rule 11 became effective, and April 2, 1969, where the record does not show that the sentencing judge knew that there was a factual basis for the plea as it does here. If the existence of a factual basis is questioned in such a case and there is reason to believe that a hearing would show that the court was aware of a factual basis for the plea before judgment was entered upon it, then the district court should hold a hearing and make a finding thereon. If such a finding can be made, we see no need in such a case to vacate the plea. Accordingly, we overrule United States v. Steele, 413 F.2d 967 ([2 Cir.,] 1969) to the extent that it holds that the plea must be vacated rather than remanding the case for a hearing where it appears that the necessary finding might be made by the district court.

We point out that we did not vacate petitioner's plea. We granted a hearing only for the purpose of determining whether a factual basis existed for the acceptance of the pleas of guilty.

Thus, *Manley, supra*, holds that factual basis in cases such as petitioner's where pleas were accepted between July 1, 1966, and April 2, 1969, may be found by examining the record to ascertain whether the sentencing judge knew there was a factual basis; or alternatively, if the record does not demonstrate this, a hearing should be held to ascertain whether a finding of factual basis can be made.

In petitioner's case, an evidentiary hearing was held and together with the

record, a factual basis exists for acceptance of petitioner's pleas.

## (a) THE HEARING

■ At petitioner's hearing, the Government introduced evidence submitted by the investigating officer in petitioner's original case. The evidence clearly shows that Petitioner Smith admitted by signed statement the opening of an account in Washington under an alias in the amount of $8,000 (an $8,000 spurious check drawn on Chemical Bank of New York) and that he drew the bad check upon that account. Testimony of an investigating officer can provide an adequate factual basis for acceptance of a guilty plea. United States v. Clark, 407 F.2d 1336 (4th Cir. 1969). We find a factual basis for Judge Gibson's acceptance of petitioner's guilty plea as to the fraudulent check count, and the record amplifies this finding.

## (b) THE RECORD

*Manley, supra,* held that the record may provide the basis for a finding of factual basis. We find from the record of petitioner's sentencing ample evidence that the late Judge Gibson knew that a factual basis existed for acceptance of petitioner's pleas of guilty to all three counts. Petitioner spoke at length before his sentencing, and the transcript is replete with admissions by the petitioner which more than amply provide a factual basis for acceptance of all three guilty pleas. For example, on page 24 of Government's Exhibit 2, petitioner said:

> I went along and started getting into one little mess after the other, from staying out of school, into bigger things, where I was finally put in private schools by my mother, with the Court's knowledge.
>
> Then I went on to these things here.

Specifically, as to the fraudulent check count, petitioner said the following: (Government's Ex. 2, p. 33).

> I am not a man of violence. I didn't go and get a gun and hold up a gas station. As I say, I wanted some money to live on until I got to the next

town and I did something that was wrong. I admit this, Your Honor, but I had to live from day to day. I know I could not stay longer than a day or two on this violation.

As to the first count of escape, petitioner said the following: (Government's Ex. 2, pp 36–37).

> \* \* \* At that particular time, he [another prisoner] was going to go out the door and if I didn't go, he was going to knife me,—so, I went out with him when the door opened.
>
> \* \* \* \* \* \*
>
> \* \* \* We went across the street and he broke the window on the door of my Cadillac and took the aerial and started to push that through. I said "Do not mess up the car. I'll try to get the keys." He stood in the doorway and backed me and we got the keys and we drove the car up to Vergennes, I believe, to Lake TICONDEROGA. We went off the road and went into the woods and stayed there like an animal for a week or two. My clothes were torn, my shoes were ripped.
>
> I went through there for a couple of weeks and finally did get back to Connecticut, \* \* \*

And, lastly, as to the second count of escape, petitioner said the following: (Government's Ex. 2, p. 39).

> \* \* \* So, I had no knowledge I was not to bring it out, Your Honor, that this toilet was being taken apart, until one night when the Sheriff was lax; did not shut my door,—the other side, —to go out. These men spoke French, not in English, and I never spoke with them. In fact, the U. S. Probation Officer here had to act as their interpreter every time they did go in Court in front of Your Honor, when we were in Burlington.
>
> The other boy pointed to me and we went out through that,—Your Honor, —I did go to Albany. I never stayed in a hotel. Then I went on to Canada. All of these things, Your Honor, and the reason why I did them, was because

I was frightened. I knew that I had this behind me; had I stayed there and gotten the check straightened out, which is a mere $25.00, all of this could have been avoided. I just brought so much on myself, in addition to all of this.

As to all three counts combined, petitioner related the following: (Government's Ex. 2, p. 40).

"I did do these things and I am here before you."

All this appears from petitioner's statements made on his own behalf before Judge Gibson. In this context, we should note that amended Rule 11 provides that there be a determination of factual basis *before* judgment. Accordingly, we find from the record that a factual basis existed at the time petitioner entered his pleas of guilty, and that the late Chief Judge Gibson knew that such a factual basis existed before judgment. This finding is fortified by the hearing afforded petitioner before this Court.

Accordingly, it is hereby ordered:

That petitioner's motion to vacate and set aside judgment of conviction pursuant to Title 28 U.S.C., Section 2255, filed on August 3, 1970, be and the same hereby is denied.